**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RUSSELL K. WEISMAN** | : | |
| **Plaintiff,** | : | **C.A. NO. 07-385ML** |
| | : | |
| **VS.** | : | |
| | : | |
| **WASHINGTON MUTUAL BANK, FA** | | |
| **Defendant** | : | |

## PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT

This action seeks redress against a mortgage lender for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The following facts will be easily established after a brief period of discovery. On or about September 15, 2006 Plaintiff Russell K. Weisman obtained a loan from Washington Mutual Bank, FA ("WAMU"), secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes. In connection with the Plaintiff's loan, WAMU failed to provide the required disclosures of the plaintiff's right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons: The copies of the notice of right to cancel actually delivered to Plaintiff Weisman were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. Notice of rescission has been given to the Defendant WAMU. However, the Defendant has ignored and not rescinded the mortgage loan referenced herein. The instant lawsuit was filed shortly thereafter to enforce rescission of the loan.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. §601(a). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Under TILA regulations, a creditor is required to "deliver **two copies** of the notice of the right to rescind" which must "be on a separate document that identifies the transaction" and "**clearly and conspicuously**" discloses the consumer's right to rescind the transaction. 12 C.F.R. § 226.23(b)(1). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 ( N.D.Ill. 1999).

Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232 B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa .1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of

receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

In this case, in order for the Plaintiff to prevail, he must convince the jury that the notice of right to cancel, as referenced in exhibit 1 of the complaint, represents the notice of right to cancel that he received at the consummation of this loan transaction. Inevitably, as is typical in these cases, the Defendant will produce a copy of a completed right to cancel with an acknowledgment that the Plaintiff received two copies of said document. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiff and probably via the testimony of the closing agent(s). Plaintiff seeks absolute rescission of his loan, an award or statutory damages of $2000.00 and payment of all attorneys fees and costs.

Respectfully submitted,

/s/ Christopher M. Lefebvre
BBO # 4019
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
chris@lefebvrelaw.com

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiff's Pre-Trial Conference Statement upon the Defendant's attorney, Thomas J. Enright via the ECF System of the District Court of Rhode Island on the18th day of February 2008.

/s/ Christopher M. Lefebvre